# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CARLOS AVILA**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 C 9196 |
| **TOM DART**, etc., et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

On December 26, 2013, Honorable J. Phil Gilbert of the Southern District of Illinois, having granted in forma pauperis ("IFP") status to pro se prisoner plaintiff Carlos Avila ("Avila"), transferred Avila's Complaint and this action to this District Court, with the case then being assigned to this Court's calendar under our random assignment system. At that point this District Court's staff responsible for dealing with prisoner litigation dropped the ball -- whoever is responsible for implementing the standing procedure for handling newly-filed or newly-received complaints of that nature that are destined for this Court's calendar failed to deliver any documents in the case to this Court's chambers, or even to notify this Court's staff of the existence of the lawsuit.

This Court first learned of such existence only through reviewing the type of printout that it periodically runs to see whether (as is too often the case) some new calendar assignment has taken place without the delivery of a paper copy of the complaint to this Court's chambers, as is required by this District Court's LR 5.2(f). When this case turned up on such a printout, this Court (unaware that it was a prisoner case) waited for a few days, then issued its customary brief

memorandum order in such situations -- an order that by its terms directed plaintiff's counsel [sic] to deliver a paper copy of the missing complaint to this Court's chambers forthwith, together with payment of a $100 fine to the Clerk of Court because of the violation of LR 5.2(f).

At that point, of course, silence descended. According to the case docket that this Court has now printed out, this action had been taken by the Clerk's Office back on December 26, 2013:

> MAILED Rule 83 Transfer in letter to plaintiff along with instructions for submitting documents.

Then Dkt. 9, dated February 3, 2014 and entered on February 10, refers to this filing by Avila:

> NOTICE by Carlos Avila of Change of Address.

But neither of those entries was accompanied by any notification to this Court's chambers. Instead more silence ensued -- it was not until April 23 that the Clerk's Office received an Amended Complaint from Avila together with an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"), all prepared on Clerk's-Office-supplied forms. And mirabile dictu, the Judge's Copy of each of those documents has found its way to this Court's chambers.

Avila is clearly entitled to a deep apology for the administrative glitches that have caused his case to lie fallow for such an extended period. But because several aspects of his current filings are problematic, this memorandum order turns to addressing those.

To begin with, the Application is moot because Judge Gilbert's December 2, 2013 order (Dkt. 6) had already granted Avila IFP status. And as for the Motion, Avila's failure to identify any steps that he has taken to obtain counsel on his own does not comply with our Court of Appeals' requirement that every pro se litigant must make such an effort before a district court

can consider such a request -- in that respect, paragraph 2 of the Motion form carries this instruction in bold face type:

(**NOTE: This item must be completed.**)

This Court is of course well aware of the difficulties faced by someone in Avila's position in making such an effort (he says in part, "I don't have anybody to find one or to help me find one."), but the rule does not emanate from this Court -- and other plaintiffs in Avila's position have managed to comply with the Court of Appeals' requirement.

But the major problem that emerges from the Amended Complaint is its total failure to address the precondition that Congress has imposed before any prisoner lawsuit may be brought -- the requirement in 42 U.S.C. § 1997e(a) that the prisoner must first exhaust all available administrative remedies. To the extent that any factual finding is needed in that respect, <u>Pavey v. Conley</u>, 663 F. 3d 899 (7th Cir. 2011) teaches the need for an evidentiary hearing, but in this instance Avila has not even hinted that he commenced (let alone exhausted) any administrative remedies. Complaint ¶ IV charges that it was back on September 12, 2012 that Avila suffered the claimed violation of his constitutional rights on which he relies to claim $1.5 million in damages, but he alleges nothing at all about pursuing any grievance remedies that were available to him at the Cook County Department of Corrections -- the Cook County Jail -- thereafter.

Accordingly Avila is ordered to file on or before May 28, 2014 a supplement to the Amended Complaint identifying any efforts that he undertook to invoke the administrative remedies available at the Cook County Jail. This Court will then be in a position to determine whether a <u>Pavey</u> hearing is necessary or whether Avila's lawsuit must be dismissed because of

his failure to pursue the congressionally-prescribed precondition to suit.

                                                     _/s/ Milton I. Shadur_

                                                    Milton I. Shadur

Date: May 14, 2014                          Senior United States District Judge