# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARLOS AVILA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 C 9196 |
| ) | |
| TOM DART (Sheriff of Cook County Jail) ) | |
| and R/O MS. PHILLIPS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This action by pro se prisoner Carlos Avila ("Avila"), who charges that his constitutional rights were violated while he was a pretrial detainee at the Cook County Department of Corrections ("County Jail"),[1] has suffered from a series of administrative glitches. This memorandum order will not review all of that troubling history -- suffice it to say that what appeared from Avila's Complaint to indicate that he had failed to exhaust all available administrative remedies at the County Jail (see 42 U.S.C. § 1997e(a)) led this Court to inquire initially into that issue (even though the caselaw treats it as an affirmative defense rather than a precondition to suit, as the statutory language reads) on the predicate that Avila might perhaps be spared the obligation to pay the $350 filing fee on the installment plan as specified by 28 U.S.C. § 1915.

What sidetracked that inquiry is that in the interim Avila had filed a pro se Motion for Leave To File an Amended Complaint on June 23 of this year, a filing of which this Court was totally unaware because no copy had been delivered to its chambers by the Clerk's Office. In

---

[1] Avila is now in custody at the Lawrence Correctional Center.

that filing Avila asserted that he had in fact taken steps to exhaust his administrative remedies the first time around. When this Court learned of that filing it reinstated the previously-dismissed action and granted leave to file the Amended Complaint, and it later ordered defendants "to provide a fact-intensive response to that contention or before September 5, 2014 so that this Court can resolve that threshold issue and determine whether this case can go forward on the merits."[2]

No such response has been forthcoming, but the reason turns out to be (as this Court learned by a follow-up inquiry) that no defendant has ever been served. In an effort to cut through any red tape that may remain to frustrate the case's going forward, this Court orders:

1. that a copy of this memorandum order be transmitted to the Cook County State's Attorney's office, in order that someone can be assigned to the case and can respond as soon as is feasible on the exhaustion-of-administrative remedies issue;

2. that in the interim the Clerk of Court shall promptly issue summonses for service of the Complaint on defendants; and

3. that the United States Marshals Service ("Service") is appointed to carry out such service.

In that last respect Avila is notified that a completed USM-285 (Marshals Service Form) is required for each named defendant and that the Service will not attempt to make the service unless and until those required forms are received.

Accordingly Avila must complete a service form for each defendant and return those forms to the Clerk of Court within 35 days of the date of this order. Before attempting personal

---

[2] That language is quoted from this Court's August 21 memorandum order.

service the Service is authorized to send a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2).

                                                                                 Milton I. Shadur
                                                                                 Senior United States District Judge

Date:  September 15, 2014